**Randolph Joseph GREENE, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 73 C 642(A).**

United States District Court,
E. D. Missouri, E. D.

Jan. 2, 1974.

Randolph Joseph Greene pro se.

Donald J. Stohr, U. S. Atty., and Wesley De. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for respondent.

# MEMORANDUM AND ORDER

HARPER, District Judge.

The petitioner on September 18, 1973, filed a motion under 28 U.S.C.A. § 2255, seeking to vacate the sentence on Count 1 in 69Cr 94(1), contending that he was not represented by counsel at the time of his guilty plea, and that his sentence of two years should be set aside. In addition, the petitioner seeks to proceed in forma pauperis, and petitioner is granted leave to proceed in forma pauperis.

Attached hereto as Exhibit 1 is a Xeroxed copy of the clerk's minutes in this case. These minutes disclose that this petitioner was before the Court on September 5, September 12 and September 19, 1969. The transcript in the file covering these three dates discloses that on September 5th the defendant (petitioner) appeared without counsel; that upon inquiry from the Court he stated that his mother was going to secure counsel to represent him, and the case was passed to September 12th to give the petitioner an opportunity to obtain an attorney, and the Court advised him that if on September 12th he did not have a lawyer the Court would appoint one for him.

The transcript further discloses that on September 12th, when he appeared before the Court for the second time he did not have a lawyer and wanted to enter a plea of guilty as to the charge against him of attempt to escape from Federal custody, and stated in some details what had occurred with respect to the attempted escape. The Court advised the petitioner at that time that in view of his age, the petitioner being 22 years old, that he would not let him represent himself, and advised him that if he would sign the papers for the appointment of counsel that the Court would appoint an attorney to represent him and pass the case until the next Friday, September 19th. Attached is Exhibit 2, being the papers which were prepared by the clerk's office in conjunction with the defendant, being "CJA

Form 2, Order Appointing Counsel", which was signed by the petitioner on that date, and on that date the Court appointed Attorney William W. Sabath to represent him.

On the following Friday, September 19th, the transcript discloses that the petitioner was again before the Court; that at that time Francis Murrell, an assistant district attorney, advised the Court that the petitioner was in court for arraignment, being represented by William W. Sabath, who was court-appointed; that the indictment charged escape from Federal custody; and that the Court at that time asked, "What is the plea?" Mr. Sabath, his attorney, replied, "The plea is guilty, your Honor, as charged." The Court then asked, "Is that your plea, Mr. Greene?" The defendant answers, "Yes, sir."

Other questions were asked the defendant at that time, and then the Court asked the defendant if he wanted the indictment read or wanted to waive the reading. The attorney advised that they would waive that, and the Court asked of the defendant, "What happened? I believe you told me, though, what happened in this instance last week." The defendant answered that he did. The Court then accepted the petitioner's plea. After the plea was taken, Mr. Sabath, petitioner's attorney, made a statement to the Court with respect to the charge, following which the Court asked the defendant, "Do you have anything to say, Mr. Greene, before the Court passes sentence, or any reason you know of why the Court shouldn't pass sentence?" Mr. Greene answered, speaking to the Court at some length.

Before the Court imposed the sentence, it pointed out that the petitioner was under a twenty-year sentence for bank robbery, but that that sentence was on appeal, and the Court said in part: "In your instance I will say to you that if you were before me, and with the twenty years that you have in front of you on the other charge, in view of your age, I would run it concurrent, but I have nothing to run it concurrent with

now, because the sentence that I can run it concurrent with, that is appealed. Should it be disposed of during the time that this Court has any jurisdiction over the matter, I would consider changing the sentence, but the chances are it won't be because it will probably be beyond the end of the time. I think I have 120 days, is all."

The Court then further said, "If the other matter becomes final while this Court still has jurisdiction of it, I will make it run concurrent."

The twenty-year sentence for bank robbery was later affirmed, and thereafter the petitioner was before another court on an attempted escape charge and was given a five-year consecutive sentence. Attached as Exhibit 3 is a copy of the records of the United States Department of Justice, Bureau of Prisons, which the Court had the Probation Office secure for him with respect to the petitioner, and these records show that the Bureau of Prisons, after the bank robbery sentences became final, made the sentence of two years imposed by this Court run concurrent with the twenty-year sentence he had been given for bank robbery. The two-year sentence involved in this case has long ago been completed.

The petitioner in his brief filed in this case on November 5, 1973, following the filing of a memorandum by the district attorney's office, discusses some other matters, but the Court shall not deal with those because they are not a part of the 2255 petition filed in this case.

The exhibits attached hereto and the transcript in the file in this case, disclose that the petitioner's allegation that he was not represented by counsel at the time of his guilty plea is untrue. When the petitioner filed his memorandum on November 5, 1973, he asked the Court to appoint him an attorney, and while in many cases the Court does appoint attorneys to represent like petitioners in 2255 cases, in this case the records in this case disclose that the petitioner's claims are

without merit, and this is not the type of case in the Court's opinion where an attorney should be appointed.

Accordingly, petitioner's motion to vacate judgment and sentence is overruled in all particulars.

## EXHIBIT 1

CRIMINAL DOCKET
UNITED STATES DISTRICT COURT

D. C. Form No. 100 Rev.

No. 69Cr 94(1)

| TITLE OF CASE | ATTORNEYS |
|---|---|
| THE UNITED STATES | For U. S.: |
| vs. | |
| G-650      RANDOLPH JOSEPH C. GREENE | |
| | For Defendant: Wm. W. Sabath aptd 9/12/69 |

| STATISTICAL RECORD | COSTS | | DATE | NAME OR RECEIPT NO. | REC. | DISB. |
|---|---|---|---|---|---|---|
| J.S. 2 mailed   May, 1969 | Clerk | | | | | |
| J.S. 3 mailed   Oct 1969 | Marshal | | | | | |
| Violation   Ind. one count | Docket fee | | | | | |
| Title   18 | | | | | | |
| Sec.   751(a) | | | | | | |
| escape attempt from custody of USM | | | | | | |

| DATE | PROCEEDINGS |
|---|---|
| 1969 | |
| Apr. 25 | Indictment filed. Order filed fixing bond of defendant $20,000; on praecipe filed, warrant issued for defendant returnable forthwith. |
| Apr. 28 | Cause passed to further order. |
| August 1 | On application filed by U.S. Attorney writ of habeas corpus ad prosequendum ordered and issued. |
| Sept. 5 | Defendant Greene appears without counsel; proceedings passed to Sept. 12, 1969. |
| Sept. 12 | Defendant Greene appears without counsel. On the Court's own motion Wm. W. Sabath is appointed as attorney for defendant CJA Form 2 filed; Proceedings passed to Sept. 19, 1969. |
| Sept. 19 | Defendant Greene appears with Wm. W. Sabath, his attorney, waives formal arraignment and enters plea of guilty to Indictment. Defendant sentenced to IMPRISONMENT FOR TWO (2) YEARS. Harper. J. Judgment and commitment filed |

No. 69Cr 94(1)   U.S. v. Greene                                    page two

| DATE 1969 | PROCEEDINGS |
|---|---|
| Oct. 16 | Marshal's return filed; certified copy of judgment and commitment mailed to U.S. Penitentiary, Lewisburg, Pa. where defendant is presently committed. |
| 8-8-72 | Waiver of William W. Sabath for compensation filed. |
| 2/26/73 | Hand-printed motion for copies of arraignment and sentencing transcripts pursuant to 28 USC SS 753(f):28 USC SS 1915 filed pro-se by defendant Greene; delivered to J. Meredith Harper. |
| 2/7/ 73 | Order filed by J. Harper denying Greene's request for copies; copy of order to defendant Marion, Ill and U.S. Attorney. |
| 11-19-73 | Transcript of proceeding before J. Harper on Sept. 19, 1969 filed |

## EXHIBIT 2

CJA FORM 2

Location No. ____086504_____,

### UNITED STATES DISTRICT COURT
#### for the

_____Eastern_____district of____Missouri_____

at_____St. Louis, Missouri_____

| | | |
|---|---|---|
| United States of America | Plaintiff | Commissioner's Docket No._____ |
| | | Docket No.____69Cr 94(1)_____ |
| vs. | | ORDER |
| RANDOLPH JOSEPH C. GREENE | Defendant | APPOINTING COUNSEL |

Charge:_____Section 751(a), Title 18_____

A ☒ Felony ☐ Misdemeanor

The defendant having appeared before this court and,
(1) having previously been sworn to testify truthfully as to his financial ability to hire counsel and having filled out, signed and sworn to the questionnaire below      or
(2) having testified under oath as to his financial ability to hire counsel as shown in the questionnaire below,

Is defendant employed?.................................... Yes ☐    No ☒

If yes, state weekly wages................................ $_____

If self-employed, state average weekly income .................... $_____

Cash on hand and in banks ................................ $____none____

Number of dependents.................................... ____none____

Property owned:_____ ____none____

I certify the above to be correct.

____Sept. 12, 1969_____  *Rudolph J. Greene*
(Date)      (Signature of defendant)

and the court being satisfied as a result thereof that the above-named defendant is financially unable to obtain counsel and said defendant not having waived the appointment of counsel;

IT IS ORDERED that the following member of the Bar is hereby appointed to represent the defendant in all matters pertaining to this action in the district court unless and until relieved by order of the district court and thereafter unless and until relieved by order of the court of appeals:

Name____William W. Sabath_____

Address____2638 Cherokee Street_____

_____St. Louis, Missouri 63118____

Phone____GA 1-1071_____

The said attorney or bar association or legal aid agency which made the attorney available is authorized, pursuant to the provisions of the Criminal Justice Act of 1964, to present to the court a claim for compensation and reimbursement for expenses of representation reasonably incurred.

Dated this ____12th____ day of ____Sept._____, 19 _69_.

_____
(United States District Judge)
or
BY ORDER OF THE COURT

_____
(Deputy Clerk)

ORIGINAL—For records of United States District Court

# EXHIBIT 3

U.S. DEPARTMENT OF JUSTICE
BUREAU OF PRISONS

## SENTENCE COMPUTATION RECORD

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. REGISTER NO. | 2. NAME (LAST, FIRST, MIDDLE) | | | 3. INSTITUTIONS OF CONFINEMENT IN SEQUENCE (SYMBOLS) | | |
| 36334-133 | GREENE, Randolph Joseph C. | | | H  NE  MI | | |
| 4. DATE OF BIRTH (MO., DAY, YR.) | 3. FBI NO. | | | 6. RACE 1. WHITE 4. RED  2. BLACK 5. OTHER  3. YELLOW | 7. SEX | 1. MALE  2. FEMALE |
| 03-17-47 | 453 228 G | | | 2 | 1 | |

| 5. SENTENCE NUMBER | | DOCKET NO. | | DOCKET NO. | | DOCKET NO. |
|---|---|---|---|---|---|---|
| | 1 | 60-69-A | 2 | 69-94(1) | 3 | 1913-71 |
| 9. DATE PREPARED OR CHANGED | 08-10-72 | | 08-10-72 | | 08-10-72 | |
| 10. DATE SENTENCED | 07-25-69 | | 09-19-69 | | 03-10-72 | |
| 11. DATE COMMITTED BY FOLLOWING METHOD | 08-02-69 | INST. SYMBOL H | 08-02-69 | INST. SYMBOL H | 07-11-72 | INST NE |
| 12. HOW COMMITTED | 101 Federal Court | | 101 Federal Court | | 101 Federal Court | |
| 13. DISTRICT | 04461 | E-Va. | 08251 | E-Mo. | 00600 | DC |
| 14. JUDGE | LEWIS, O.R. | | HARPER, R.W. | | HART, G.L., Jr. | |
| 15. OFFENSE | Bank robbery | | Attempted escape | | Attempted escape | |
| 16. BOP OFFENSE CODE | | | | | | |
| 17. SENTENCE PROCEDURE | 10 Regular Adult | | 10 Regular Adult | | 10 Regular Adult | |
| 18. SENTENCE IMPOSED 10-8848 = LIFE 099999 = DEATH | 20-00-00 | 20 years | 02-00-00 | 2yrs. conc. | 05-00-00 | 5 years consec. |
| 19. NEW TERM OF THIS SENTENCE | * | | * | | * | |
| 20. BASIS FOR CHANGE | * | | * | | * | |
| 21. FINE/COSTS: COMM. = 1 NOT COMM. = 2 | * | | * | | * | |
| 22. PROBATION: REVOKED = 1 TO FOLLOW = 2 | * | | * | | * | |

| 23. JAIL CREDIT | TOTAL | FROM & INCL. | TO & INCL. | TOTAL | FROM & INCL. | TO & INCL. | TOTAL | FROM & INCL. | TO |
|---|---|---|---|---|---|---|---|---|---|
| | 0112 | 04-04-69 | 07-24-69 | * | | | * | | |
| 24. INOPERATIVE TIME | TOTAL * | | | TOTAL * | | | TOTAL * | | |
| 25. IDENTIFY SENTENCES INCLUDED IN FOLLOWING SENTENCE COMPUTATION(S) BY SENTENCE NUMBER(S) | 1 | | | 1 | 2 | | 1 | 2 3 | |
| 26. TOTAL TERM NOW IN EFFECT | 20-00-00 | 20 years | 20-00-00 | 20 years | 25-00-00 | 25 years | | | |
| 27. SENTENCE BEGAN OR WARRANT EXECUTED | 07-25-69 | | 07-25-69 | | 07-25-69 | | | | |
| 28. EXPIRES FULL TERM | 04-03-89 | | 04-03-89 | | 04-03-94 | | | | |
| 29. FULL TERM LESS 180 DAYS | 10-05-88 | | 10-05-88 | | 10-05-93 | | | | |
| 30. GOOD TIME ALLOWANCE AND RATE | 02400 | @ 10 DA/MO | 02400 | @ 10 DA/MO | 03000 | @ 10 DA/MO | | | |
| 31. MANDATORY RELEASE OR EXPIRES WITH GOOD TIME | 09-07-82 | | 09-07-82 | | 01-15-86 | | | | |
| 32. ELIGIBLE FOR PAROLE 353355 = NOT ELIGIBLE 664646 = BOP'S DISCRETION | 12-03-75 | Regular Adult | 12-03-75 | Regular Adult | 08-04-77 | Regular | | | |
| 33. REMARKS | | | | | | | | | |

A True Copy

Authorized by the Act of July 7, 1955
to Administ... Oath ... (..004)

*[signature]*

(Title)

U. S. DEPARTMENT OF JUSTICE
BUREAU OF PRISONS

## SENTENCE COMPUTATION RECORD

| 1. Register No. (1-9) | 2. Name (Last, First, Middle) (10-34) | 3. Institution Name and Location | 4. Inst. Code (35-37) |
|---|---|---|---|
| 25334-133 | GREENE, Randolph Joseph C. | MCFP-Springfield, Missouri | 175 |

| 5. Date of Birth (Mo., Day, Yr.) (38-43) | 6. FBI No. (44-50) | 7. Race (51) 1 — White 2 — Black 4 — Red 2 3 — Yellow 5 — Other | 8. Sex (52) 1 — Male 1 2 — Female |
|---|---|---|---|
| 03-17-47 | 453 228 G | | |

| | | | | |
|---|---|---|---|---|
| 9. Date Prepared | (53-58) | 04-27-70 | 29. Fine Committed = 1 Not Comm. = 2 (59) | * Amount: $ Date Paid: |
| 10. Date Sentenced | (59-64) | 09-19-69 | 30. Costs Committed = 1 Not Comm. = 2 (60) | * Amount: $ Date Paid: |
| 11. Date Committed | (65-70) | 09-19-69 | 31. Probation | |
| 12. How Committed | (71-73) 101 | Fed. Court | 32. Sentence Began or Warrant Executed (61-66) | 09-19-69 |
| 13. Sentence No. | (75-76) | 02 | 33. Jail Credit Days From & Incl. To & Incl. | Inoperative Time From & Incl. To & Incl. |
| 14. Computation No. | (77) | 1 | | |
| ~~Dup. from Card 050~~ 050 | (1-9) | Dup. from Card 050 | | |
| 15. District | (10-14) 08251 | E:Mo. | | |
| 16. Offense | | Attempted Escape | 34. Total Jail Credit (67-70) | 0112 |
| 17. Title, Section, Paragraph | (15-25) (26-36) (37-47) | 18-1.75 A * * | 35. Total Inoperative (71-74) | * |
| | | | 36. Sentence No. (75-76) | 02 |
| 18. BOP Code (Bureau Entry) | (48-50) | | 37. Computation No. (77) | 1 |
| | | | (78-80) 052 (1-9) | Dup. from Card 052 |
| 19. Judge | (51-68) | HARPER, R.W. | 38. Expires Full Term (10-15) | 04-03-89 |
| 20. Sentence No. | (75-76) | 02 | 39. Full Term—180 Days (16-21) | 10-05-88 |
| 21. Computation No. | (77) | 1 | | |
| 051 | (1-9) | Dup. from Card 051 | 40. Good Time Rate/Mo. (22-23) | 10 |
| 22. Docket No. | (10-18) (19-27) (28-36) | 69CR94 (1) * * | 41. Good Time Possible (24-28) | 2400 |
| 23. Sentence Procedure | (37-38) 10 | Reg. Adult | 42. Mandatory Release/ Exp. with Good Time (29-34) | 09-07-82 |

Sentence Codes for Items 24, 25 and 26
Code as Yr-Mo-Day in all cases, except:
Life = 88-88-88
Death = 99-99-99

| | | | | |
|---|---|---|---|---|
| 43. Eligible for Parole Enter Mo-Day-Yr, or: 55-55-55 for 'Not Eligible' 66-66-66 for 'At Board's Discretion' | (35-40) | 12-03-75 | | |
| 24. Sentence Imposed, Minimum | (39-44) | * | 44. Release Date: | |
| 25. Sentence Imposed, Maximum | (45-50) | 02-00-00 2 years | 45. Release Method: | |
| 26. Term Now in Effect | (51-56) | 20-00-00 20 years | 46. Sentence No. (75-76) | 02 |
| 27. Basis for Sentence Change | (57-58) 14 | Concurrent Sent. | 47. Computation No. (77) | 1 |

A True Copy

28. Remarks: Re-Computation to show 2 years concurrent sentence absorbed in original 20 year sentence

(78-80) 053

Authorized by the Act of July 7, 1955
to Administer Oaths (18 U. S. C. 4004)

(Title)

27 — 5 (11-69) Asterisk Denotes Not Applicable Field.

Original to Data Control Section Within 30 Days.